# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**MARLA PITTENGER,**

        **Plaintiff,**

    **v.**

**RON DESANTIS, et al.,**

        **Defendants,**

_____/

**Case No.: 5:25-cv-00673-MMH-PRL**

## AMENDED REPORT AND RECOMMENDATION[1]

Plaintiff, Marla Sue Pittenger, who is proceeding pro se, filed this action against Governors from five states—Ron Desantis, Mike Dewine, Michelle Lujan Grisham, Gretchen Whitmer, and J.B. Pritzker. Plaintiff seeks to proceed in forma pauperis. (Doc. 2). Upon due consideration, I recommend that the motion be denied, and the complaint be dismissed.

### I.    Legal Standards

An individual may be allowed to proceed in forma pauperis if she declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or "seeks monetary

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

relief against a defendant who is immune from such relief." *Id*. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit sua sponte. *Id.*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a "court shall dismiss [an IFP claim] at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "A lawsuit is frivolous if it is 'without arguable merit either in law or fact.'" *Gary v. U.S. Gov't,* 540 F. App'x 916, 917 (11th Cir. 2013) (*quoting Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). "Dismissal for frivolity is warranted when a claim is based on an indisputably meritless legal theory, [the claim] relies on factual allegations that are clearly baseless, which includes allegations that are fanciful, fantastic, and delusional," or the "facts alleged rise to the level of the irrational or the wholly incredible." *Id.*

Whether a complaint fails to state a claim pursuant to § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Reddy v. Gilbert Med. Transcription Serv., Inc.*, 588 F. App'x 902, 903 (11th Cir. 2014). Dismissal for failure to state a claim is appropriate if the facts—as alleged—fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation omitted); *see also Rembert v. Florida*, 572 F. App'x 908, 909 (11th Cir. 2014). A complaint fails to state a claim when it lacks "enough factual matter (taken as true)" to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Additionally, a plaintiff must offer "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly,* 550 U.S. at 557) (alteration in original).

## II.    Discussion

Plaintiff's complaint (Doc. 1) consists of 89 pages. Plaintiff's handwritten allegations are almost entirely incomprehensible and appear to be paranoid delusions. The complaint consists of rambling, incoherent statements with a curious assortment of photographs of clothing, light bulb sockets and fixtures, door locks, car windshields, mirrors and headlights, a jar of jelly, what appears to be blood, a woman's face and ear, and a purported spy drone. Plaintiff's allegations, if they can be described as such, reference hidden spy cameras in locks of doors, lightbulbs, phones and computers, "spy thread" sewn into clothing that caused allergic reactions, stolen mail, "a hit on a country singer and a Bachelor," affiliations with a prince and the King of Italy and his majesty King of England, and communications with President Obama. Plaintiff attached copies of witness statements from various police departments in which she reported these issues and other grievances. Plaintiff purports to allege claims of conspiracy, breaking and entering, organized crime, mail theft, email theft, and property damage. Plaintiff also references the First, Fourth, and Fourteenth Amendments.

Plaintiff has previously filed similar claims in this Court—5:22-cv-318-GAP-PRL and 5:23-cv-510-TJC-PRL—both of which were dismissed as frivolous. On July 14, 2022, Plaintiff filed a complaint against the Lt. Governors of Michigan, Illinois, New Mexico, Ohio, and

Indiana. *See* 5:22-cv-318-GAP-PRL In dismissing the complaint, the Court described

Plaintiff's claim as follows:

> Plaintiff's complaint is 25 pages long, containing what appears to be copies of letters to an unknown person, photos of clothing, and a list of websites. (Doc. 1). Plaintiff claims that she moved to Florida and someone followed her, a break in happened, her taxes went missing, her clothes became tattered, and the cable company could not get passwords. The letters attached to the complaint request to have fingerprints taken to determine who broke into Plaintiff's house and have a swat team placed at Plaintiff's mother's house. Plaintiff also filed a supplement (Doc. 5) which contains witness statements from the Johnstown Ohio Police Department, in which Plaintiff claims someone is stalking her and the king of Italy is stealing her email. It is unclear what cause of action Plaintiff is attempting to proceed under, and how the defendants listed on the complaint are connected to any of her factual allegations.

5:22-cv-318-GAP-PRL (Doc. 7).

One year later, on August 14, 2023, Plaintiff filed a complaint against four of the same

Governors named as Defendants in this action. *See* 5:23-cv-510-TJC-PRL. The Court also

dismissed that complaint as frivolous, stating in part:

> Plaintiff's amended complaint (Doc. 9) consists of 14 handwritten pages. Much like Plaintiff's prior allegations, the allegations in the amended complaint are largely incomprehensible and resemble paranoid delusions. The amended complaint consists of rambling incoherent statements and references to China, Pakistan, a prince of Italy, President Obama, country music, the "real NCIS," "spyware," being stalked, and being monitored via light bulb sockets. (Doc. 9). Plaintiff states, "[t]he key question in a courtroom is what and who in the state government want with me. I started a new life and they hunted me." (Doc. 9 at 5). As best can be discerned from the amended complaint, Plaintiff believes that she is being stalked by the defendant state governments and is being monitored or harassed via mechanisms in light bulb sockets and her clothing. She states, "[t]hey followed me down here from Ohio I lost them in Georgia by the Army that was the first warning sign I thought it would go away." (Doc. 9 at 8). Plaintiff alleges, "they looked up my mother and a prince of Italy and my deceased father." (Doc. 9 at 8). Simply put, Plaintiff's rambling allegations are far from sufficient to state a claim upon which relief may be granted.

5:23-cv-510-TJC-PRL (Doc. 10).

Then, more than eighteen months later, Plaintiff filed this action. Like the two earlier

cases, Plaintiff's claims are fanciful and delusional and clearly fail to state a claim upon which

relief may be granted. Dismissal for frivolity is warranted when a claim "relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional,' or the "facts alleged rise to the level of the irrational or the wholly incredible." *Gary v. U.S. Gov't,* 540 F. App'x 916, 917 (11th Cir. 2013). And while a *pro se* litigant generally should be permitted to amend her complaint, a district court need not allow amendment when it would be futile. I submit that amendment would be futile as Plaintiff is attempting to re-assert claims that the Court has already dismissed as frivolous. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984) (*citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)).

Accordingly, based on the foregoing, I recommend that Plaintiff's motion to proceed in forma pauperis (Doc. 2) be denied and her complaint be dismissed without leave to amend.

DONE and ENTERED in Ocala, Florida on November 19, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge